# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SPODEN, #Y-15676, *also known as* NINA SPODEN, <br><br> Plaintiff, <br><br> vs. <br><br> B. VAUGHN, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 18-cv-1487-NJR ) ) ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On August 13, 2018, this case was severed from *Spoden v. Lynn, et al.*, Case No. 18-cv-1402-NJR-DGW (S.D. Ill.), which had earlier been severed from *Spoden v. Phelps, et al.*, Case No. 18-949-NJR (S.D. Ill., filed Apr. 13, 2018). (Docs. 1, 2). Plaintiff filed this action while she was incarcerated, but she has since been released from custody.

Plaintiff's claim against Vaughn is as follows:

> **Count 10 -** First Amendment retaliation claim against Defendant Vaughn for issuing Plaintiff a false disciplinary ticket for socializing with an inmate and giving an officer the middle finger on or around November 25, 2017, because Plaintiff filed grievances.

(Doc. 1, pp. 5-6).

In the order severing this case, the Court determined that Count 10 against Vaughn survived the merits review under 28 U.S.C. § 1915A and should proceed for consideration. (Doc. 1, pp. 4-5, 8-9). Accordingly, service shall be ordered below on Defendant Vaughn, and the matter shall be referred to United States Magistrate Judge Wilkerson for further proceedings.

1

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

A separate order shall be entered with reference to Plaintiff's obligation to pay the $350.00 filing fee for this action. Plaintiff is allowed to proceed *in forma pauperis* ("IFP") in this action, consistent with the Court's approval of IFP status in Plaintiff's original case. (*See* Doc. 1, p. 11; Doc. 2, p. 16; Doc. 4).

### Disposition

The Clerk of Court shall prepare for **VAUGHN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 3), a copy of the Memorandum and Order at Doc. 1, a copy of the Memorandum and Order at Doc. 2, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that her application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 14, 2018**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**